Mr. Davenport, you're participating by Zoom. Can you hear me? Yes, Your Honor. Can you hear me? Yes, I can. We're ready to proceed. Thank you. And thank you for the opportunity to appear remotely. May it please the court. My name is Chad Davenport, and I represent the plaintiffs' appellants, Mr. Frentzel, and the Working Families Party voters who cast write-in votes for Ms. Frentzel in the June 2023 primary. My clients are voters who want to be able to exercise their fundamental right to vote for the candidate of their choice in the Working Families Party primaries both now and in future primaries. We're here today because we believe that Election Law Section 8-3084 is an unconstitutional infringement on my client's fundamental right to vote. In summary, my clients wanted to exercise their fundamental right to vote for the candidate of their choice in the Working Families Party's June 2023 primary, but votes were not counted, which violated their rights of free speech, freedom of association, equal protection, and also due process. Maybe you could begin by addressing the mootness point, because it sounds like your adversary is saying that we don't have a final judgment here and that the primary has now taken place and that we should wait. This matter should be sent back to the district court. Thank you, Your Honor. I agree that that obviously needs to be the first question that we address here today, whether or not this court has appellate jurisdiction. We, the plaintiffs, do believe that the district court issued a final judgment on the declaratory judgment relief that we sought that this election law is unconstitutional. We believe that the court clearly ruled on the merits finding that the plaintiffs did not meet their burden to show that this law is unconstitutional, and we believe that that is a definitive ruling that settled all issues on the declaratory judgment claim, so therefore it would be final and appealable under 28 U.S.C. Section 1291. But even if, Your Honors, were to find that the declaratory judgment ruling was not final, we still do believe that the denial of the preliminary injunction restraining enforcement of this election law was an independently appealable interlocutory order under 28 U.S.C. Section 1292, Subsection A, Subsection 1. The district court did unambiguously deny our injunction request against enforcing this law, and we believe that it's distinguishable from this court's ruling in the Independence Party of Richmond County, because this case isn't moot. In that case, the Independence Party case, the preliminary injunction was to require that the Board of Elections allow unaffiliated voters in the Independence Party's 2004 primary, and it was limited to just that primary, which had already occurred, so the decision in that case would have had no effect. And the implicated legal issues could still be litigated in that case to a final judgment. Here, we still have the constitutionality of this election law, and it remains a live controversy. May I ask you about that? To the extent you're now asking us to review the denial of the preliminary injunction, we ask your brief mootness with respect to that, because the election has occurred. Your client was the victor, even despite the errors you're alleging. So to that extent, why isn't it moot as to a preliminary injunction? And insofar as you're challenging the constitutionality of the statute and all of that, you can go back to the district court. It'll be resolved finally, and then it'll come up to us if you get a decision you're dissatisfied with. Why isn't the appeal of the preliminary injunction moot? Your Honor, we believe that it is not moot because of the fact that it can still implicate and affect our client's rights for the upcoming June 2024 primary. This is still an election law that is on the books. It will still prevent my clients from being able to write in, in the primary, candidates who are not members of the party. And we believe, too, that there's precedent. There's actually supreme precedent that explains that this case is not moot. So we provided the court with Munafi Jarin. So what do you want for the primary? You want your client to appear how in the primary? Or what do you want a court order to allow to happen in the June primary? So currently right now, my clients do not have the ability to be able to write in a candidate who is not a member of the Working Families Party during the primaries that are coming up in June of 2024. So an order from this court that restricts the enforcement of this statute would allow my clients to be able to vote for a candidate where the Working Families Party, the party leaders, you know, don't necessarily endorse the client so they can't get a Wilson authorization. My clients want the ability to be able to vote for somebody who potentially the party bosses, the party leaders of the Working Families Party wouldn't endorse. Do we have anything in the record that indicates there is somebody who wants to write in a non-party member for the June primary? And that's admittedly, Your Honor, where we don't have a specific example. But what we're looking at, Your Honor, is not a specific candidate that my clients would be looking to vote for. It's just the right to vote in general. The fact that this vote, this law on the books restricts the ability of my clients to be able to vote. So they don't even have the opportunity to even consider voting for a non-party candidate at this point because the law is on the books. And, you know, they can't write in a candidate of their choice so long as this law remains on the books. They can't even consider a non-party candidate as long as this law remains in effect. So this, an order from this court would provide my clients with some relief. It would remove the severe burden that is currently in place on their constitutional rights. They can't even consider a non-party candidate so long as this election law remains on the books. But no, the record does not contain specific candidates that they would be looking to vote for. This was a lawsuit that was commenced after the June of 2023 primary before any of the candidates were announced for the June of 2024 primary of this year. So we obviously don't have any examples just based off of the timing of when this case was filed and where we are today. But we do believe that under Munafi Jarin, this court should still rule on the merits of our preliminary injunction relief because this is a case that goes to the substantive merits of what my clients requested. The district court rejected my client's request for a preliminary injunction on the substantive merits. And the Independence Party, the question was more so, you know, whether or not the preliminary injunction was granted properly on other factors such as, you know, whether or not this was in the public interest, a balancing of the hardships. You know, this is more of a definitive ruling from the district courts. It's finding that election law 8-308 subsection 4 is constitutional. I know you urge that. I know you urge that it's the equivalent of a dispositive ruling. But usually district courts convert preliminary injunction proceedings to full permanent injunction, full decision on the merits. And then we're in that situation. Here, the district court only found that you failed to show a likelihood of success on the merits. So you're not finished in the district court if you think you've got further evidence or further grounds to argue for this. I mean, I'm not sure it is a final decision on the merits here. So one thing that I would say, Your Honor, is that I don't believe that there's any further evidence that either parties could present on any of these issues. Really, what this comes down to at its core is whether or not the state was able to come forward with any evidence whatsoever to support its justification for this law. We have the legislative history. We have the transcript. We have everything that we would present to the courts should we be making an application for a declaratory judgment. There's nothing further that needs to be added to this record in order for us to receive that final judgment. And also, too, the one thing that I would say about the district court not following the normal procedure for converting this to a final injunction and a declaratory judgment ruling is, again, just kind of based on the timing of when this all happened. We filed this application in August. The court gave us an oral argument date in September, which was before the general election was to take place. It denied our preliminary injunction. We attempted to take an expedited appeal, and I think on the record we discussed with the judge our intention to take an expedited appeal from his denial of the preliminary injunction. And I believe that's why the district court didn't move forward in the typical way that this court would see a final judgment entered for this type of action. But we do believe that, in sum and substance, the court did issue a final judgment with respect to the declaratory judgment relief. Again, it's the same exact record that would be presented to the district court should we go and request a declaratory judgment after this appeal should have been denied its move. So we do believe that the record is complete and that there is evidence of a final judgment and a final determination from the judge. And just in turning really quickly, should your honors find that there is appellate jurisdiction for this appeal, we believe that the most critical issue that the state is unable to overcome is the fact that there's no evidence in the record. The state has never come forward with any evidence of any instance that would show that this election law, Section 8-308, Subsection 4, would actually address. So in each of the examples that the state gives, it's the voters and the candidates who are switching their political parties at the same exact time. And where that happens, even with election law Section 8-308, Subsection 4 on the books, you would still be able to lawfully vote for that candidate in the primary because that candidate has already switched their political parties. This election law only comes into place if a candidate is not an actual member of that political party. So this election, the state has been unable to come forward with any evidence whatsoever. There's no evidence in the legislative history as well of any examples of party rating that this election law would actually address. So we believe that that is a very fatal problem, both under Supreme Court precedent as well as this court's precedent as well. And that would be under the Price decision as well as the Anderson v. Sabreezy decision, Your Honor, that the state needs to come forward with specific evidence. And I see that I've gone over my time. I apologize. So unless there's any further questions, I will wait for rebuttal. Yeah, let me just ask you one more. You said there's nothing further that would be developed if this went back to the district court on the merits. And I just want to ask you about the certificate of authorization process with respect to that, because isn't there the possibility of further development first that there's some voter who wants to vote for someone other than the party member and that that person can't or won't get a certificate of authorization? I mean, doesn't all that have to be developed before the district court? Well, hopefully so, Your Honor. For there to be any injury here, for there to be anyone who's suffering an injury? We believe that there is already sufficient evidence to prove that there is an injury. I don't believe that there would be any further evidence that's needed to prove that. The Supreme Court has been very clear that even minimal burdens on constitutional rights, core constitutional rights like the right to vote, is a significant infringement and something that this court needs to address. And the working families, parties, regulations, as well as the state's regulations on being able to obtain authorization, non-party candidates being able to obtain authorizations, that's already clearly defined through this. We know the mechanisms. We know the procedures in place. And what we're saying is that this election law, with the current procedures in place, with the laws as they currently exist, both for the Working Families Party and New York State, it imposes much more than just a minimal burden. We submit that it's a severe burden, and we don't believe that there would need to be any further evidentiary or factual developments needed at the district court for this court to reach that conclusion. Thank you, Mr. Davenport. Thank you. Good morning, Your Honors, and may it please the court, Sarah Rosenbluth for Governor Hochul and Attorney General James. The appeal is moot, and no mootness exception applies, and the court should dismiss the appeal for lack of jurisdiction. I just want to quickly address two points raised by my opponent. The first is that I think that there's some confusion going on between whether the case itself is moot and whether the P.I. order is moot. I don't think there's any dispute that the P.I. order on docket number 32 pertained only to the 2023 primary. Because both the primary and the general election have now passed, there's nothing this court could do that would change that outcome. And so it is possible that there does remain some live controversy with respect to the constitutionality of Section 8308, but I think as Judge Raji indicated, that can be litigated on remand in the district court. And it's clear that at this juncture, the district court's analysis is limited to a likelihood of success on the merits. We don't have the district court's full analysis of the constitutionality of the law. That's exactly right. All of the examples that my friend on the other side cites in his supplemental brief pertain to an application of the P.I. standard. It's all about substantial likelihood of success on the merits. And so it's just, and the transcript is replete with that terminology. It's very clear that the P.I. standard was being applied. I just don't see, there's no mention of a final judgment being, there's no document that was issued. There's no discussion of a declaratory judgment being issued. I don't think it's, I mean, I know that it's not the case that the fact that there's no further evidentiary develop that's necessary, that does not mean that the district court in fact issued a final decision. And so- Can I clarify the state's position on something you said? It is possible that there may still be a live case below. I understood the state's position to be a little stronger than that, which is the state essentially acknowledging that the capable of repetition and evading review exception would suffice to keep the case alive. And the plaintiffs wouldn't have to come in and show a new injury and establish the standing and everything. Am I, is that not the state's position? No, just to be, to clarify it a little bit further. I mean, I think there is an issue with respect to whether Ms. Frenzel intends to seek re-election. And I think she would have to make some showing that she does have standing to continue to seek relief with respect to the invalidation of the law. But, I mean, I do think that from a mootness perspective that that exception could be applied at the district court level if she did have standing, and if her voters had standing, and if, you know, the relief wasn't entered until after, for example, the June 2020- Right, I guess what I'm trying to understand from that is if she had standing and if her voters had standing, I understand that she would, her potential plans or lack thereof would affect the capable of repetition but evading review analysis. But that's different from treating it essentially as a new case requiring a new injury and a new, and all that. And I don't hear the state saying that it's backing away essentially from the concession it made in the footnote in the appeal originally in this case, that the case, subject to understanding that the capable of repetition and evading review has to, you have to have the facts to back it up. Right. No, exactly. I mean, I think that it's very, I don't see any reason why that exception would not apply to the litigation upon remand. No, for example, you can imagine a scenario in which, for whatever reason, the district court wasn't prepared to render a decision on the request for permanent relief until after the 2024 election. But, I mean, I think in that case, you could invoke the capable of repetition exception to reach a final decision on the merits in the district court, which would then be reviewed on appeal to this court. Does that answer the question? Yeah. Okay. I'm not sure we are yet deciding the merits here, but let me just ask you, what is the state interest in not allowing party members to write in anybody they want on a party ballot? I mean, I understand why you would limit the vote to party members, but I'm not, why do you limit it, preclude them from writing in anybody but a party member? The state does have an interest in preserving party integrity, and the state does have an interest, as the Supreme Court recognized in Clingman and in other cases, in ensuring the ideological coherence of political parties. And that's really been well accepted for a long time. I understand the plaintiffs to basically be saying, look, they want to vote on their party line. They don't want to vote on the Democratic or the Republican party line, but they may want to, as happened in this election that's at issue, vote for someone who is a candidate for another party. And that's significant because in a closed election, that might make a difference. Why are they, what, how does the court, how does the state think the system is going to be adversely affected by letting party members vote for non-party candidates as write-ins in their own primaries? So two points, Your Honor. First is that this court has held in Maslow that party members do not have a constitutional right to associate with non-party members, such as Frenzel, in the conduct of internal party affairs, such as the candidate nomination process. So that right just does not exist. And moreover, I think the precedent is clear that the asserted right really belongs to the political party. And that's why the party does have the power to grant someone like Ms. Frenzel, which she didn't even seek. So the state does have an interest in preventing those circumvention efforts, which is exactly what happened here. She did not attempt to seek a certificate of authorization and instead mounted essentially an insurgent write-in campaign, which would have been successful, but for the operation of this statute. Now, I mean, as I've been discussing, I do think this case is moot. Should the court reach the merits, and we think we have strong arguments and we'd be happy for a ruling on the merits, I do think that we are constrained to concede that this case is controlled by Independence Party. I don't really see a way around that. But the district court's conclusion on the merits did accord with the exact same conclusion reached by the state court last year in matter of COAL, which my friend on the other side has not attempted to distinguish at all. Of course, it is simply, of course, not binding on this court. It's only persuasive authority, but I think its discussion of merits is quite persuasive and helpful. It's interesting to think about the state's interest in sort of preserving party integrity, because then the question is, okay, well, who is the party? And I gather from the state's perspective, it's the committee that's the party. But you could imagine a scenario where you have a small town, three people on the committee, 50 voters. 47 of those voters think that candidate X, who's not actually a party member, best represents the views of their party. But this policy would say, no, those three people own the ideological or personal preferences of the party. Well, I mean, I think so state law also allows parties to decide which level of the party will grant the certificate of authorization. So in here, it's the working family party has itself made the determination that it wants the state party to do it. So it could be a case where there's a small contingent of people in the party leadership making that decision. But I think after the claim that there's some barrier to run for committee member, I don't really see how that claim succeeds. And I do think the case law is clear that the rights of the parties in here, in the party organization itself, the party structure, and not in the individual voters. I think we see that in California Democratic Party versus Jones quite clearly. And one final point, just because I neglected to cite this in my brief, so just to get this out for the record, the Tasjian case from the Supreme Court that the district court found to be minorly helpful for plaintiffs, that was a case brought by the party, the Republican Party. And the court invalidated the Connecticut law as applied to the party. However, the court actually addressed a challenge to the exact same Connecticut law brought by the voters. Now, I didn't cite this case in my brief. It's called Nader versus Schaefer. And it was a 1976 case that was a decision by a three-judge district court panel that was then summarily affirmed by the United States Supreme Court. And in addressing a challenge to the exact same statute brought by the voters, that challenge failed because they couldn't insert themselves into the party affairs. But when the party brought that challenge in Tasjian, then it won. Here, the party is not participating in this case. In fact, party leaders from other parties have submitted affidavits in our support. They did so in the Coal litigation that's in the record here, too. So just to sum up, then, I would say the appeal is moot and should be remanded to the district court where it can be litigated to a final judgment. And maybe I'll see you back here soon. And if the court does reach the merits, it should affirm. And unless there are any further questions, thank you very much. Thank you. Mr. Davenport, we'll hear rebuttal. Thank you, Your Honors. Just briefly. So addressing very quickly mootness arguments and whether or not this court has appellate jurisdiction, my colleague said that there is no final ruling plaintiff's request for a preliminary injunction restricting the enforcement of this election law moving forward. Not just for this primary election, but for every single primary election. That's that's a request for relief that's explicitly included in our complaints. And that was a request for relief that was explicitly ruled by the district court judge. If you look to the transcript, I understand that the text order does not necessarily spell it out. But if you look to the transcript specifically, just 71, also 75 to 76 of the transcripts, we believe that the district court does address the substantive merits of our preliminary injunction request when it states that it's denying our preliminary injunction. And it states the rest. It's denying all three forms of our preliminary injunctive request. And that includes this restraining enforcement for every primary election, not just this one. So we don't believe that this is moot. And then second, in terms of whether or not there's an interest for my clients to associate with non-party members. We do believe that the Supreme Court twice has found that there doesn't such right. The first one, it was in 1973, Cusper v. Pontice. The Supreme Court stated the right to associate with a political party of one choice is an integral part of this basic constitutional freedom. In Tashian, the Supreme Court recognized that it would be a violation of somebody's constitutional rights to not allow them to write in a primary a candidate who is not a member of the political party. And then also the New York Court of Appeals. I'm sorry. Would you say again what case you think the Supreme Court has already decided that it's unconstitutional not to let you write in a non-party member? So it's Tashian v. Republican Party of Connecticut, 479 U.S. 208, 1986. And the Supreme Court in that case discussed that it would be a tremendous constitutional infringement to not allow members to vote for non-members on their write-in. And then also in Ingersoll, which is a Court of Appeals case, the Court of Appeals upheld the constitutionality of the McCool Law based on the understanding that in primaries, candidates would have the opportunity to write in non-party candidates. That was the only reason why Wilson Law was upheld as being constitutional. I'm sorry. So on that, Your Honor. Am I looking correctly? Is that case, the Tashian case, cited in your briefs? It is, Your Honor. Yes. Tashian. So it's T-A-S-H-A. Oh, I'm sorry. I see. Okay. Thank you. No problem. And I see that I'm over my time again, so I apologize. So if there's any further questions, I'd be happy to answer those. Otherwise, I rest. Thank you for your argument, and thank you both. We'll take the matter under advisement.